**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| MICHAEL MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-1505-WTL-MJD |
| ) | |
| CORIZON MEDICAL SERVICES and N. ) | |
| TAFOYA, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment**

Michael Mason, a former inmate of the New Castle Correctional Facility ("New Castle") alleges in his Amended Complaint that the defendants improperly refused him treatment for his Hepatitis C resulting in damage to his liver. Arguing that Mason failed to exhaust his available administrative remedies before filing suit, the defendants move for summary judgment. Mason has not responded. For the reasons that follow, the Court finds that the defendants' motion for summary judgment [dkt 19] must be **granted**.

**I. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Fed.R.Civ.P.* 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l– Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the Court construes all facts in a light most favorable to the non-moving party and

draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

Mason has not opposed the motion for summary judgment, either with evidentiary material or with a narrative statement suggesting that the defendants are not entitled to summary judgment based on the pleadings and the evidentiary record. He has not filed a statement of material facts in dispute. The consequence of these circumstances is that Mason has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

**II. Undisputed Facts**

Mason was incarcerated at the New Castle at the time he filed his Amended Complaint. The administrative remedy available to prisoners at New Castle regarding the conditions of their confinement is the grievance process. The grievance process begins with the inmate contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the inmate is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint ("Level I") to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the inmate, he may submit an appeal ("Level II") within ten working days from the date of receipt of the grievance response. If the inmate receives no grievance response within twenty-five working days of the day he or she submitted the grievance, he or she may appeal as though the grievance

had been denied. In that event, the time to appeal begins on the 26th working day after the grievance was submitted and ends 10 working days later.

Mason filed only one grievance related to his medical care. That grievance was filed on or about August 16, 2013 and alleged inadequate medical care for Hepatitis C. On or about September 11, 2013, staff responded to and denied Mason's grievance. Per policy, Mason then had through September 25, 2013 to appeal his denied grievance. Mason did not file an appeal to that grievance.

### III. Discussion

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.*; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendants have shown that although Mason filed a grievance related to the medical treatment for his Hepatitis C, he did not appeal the denial of that grievance. Mason has not responded to the motion for summary judgment and therefore has not disputed these facts. It is therefore undisputed that Mason failed to exhaust his available administrative remedies with regard to his claims in this case. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mason's claims should not have been brought and must now be dismissed without prejudice. *See Pozo,* 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

The defendants' motion for summary judgment [dkt 19] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/17/2014

Distribution:

Michael Mason
3006 Park St.
Indianapolis, IN 46205

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

All electronically registered counsel